# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL RAMIREZ** | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | C.A. NO. _____ |
| | § § | |
| **THE CITY OF TEXAS CITY, TEXAS** | § | |
| *Defendant.* | § | |

## INDEX OF MATTERS BEING FILED

| EXHIBIT | DATE | DOCUMENT |
|---|---|---|
| A-1 | 10/12/2023 | Docket Sheet for Cause No. 23-CV-1949, *Michael Ramirez vs. The City of Texas City;* In the 56th Judicial District Court of Galveston County, Texas |
| A-2 | 10/12/2023 | Plaintiff's Original Petition |
| A-3 | 10/12/2023 | 56th District Court's Notice of Status Conference |

# EXHIBIT A-1

## Case Information

23-CV-1949 | Michael Ramirez vs. City of Texas City

| | | |
|---|---|---|
| Case Number<br>23-CV-1949 | Court<br>56th District Court | Judicial Officer<br>Cox, Lonnie |
| File Date<br>10/12/2023 | Case Type<br>Other Civil - Cases | Case Status<br>Active |

## Party

**Plaintiff**
Ramirez, Michael

Address
1822 MAIN ST
Danbury TX 77534

Active Attorneys ▼
Lead Attorney
Robinson, Savannah
Retained

**Defendant**
City of Texas City

Address
c/o. Mayor, Dedrick Johnson, Sr.
1801 9th Ave. N
Texas City TX 77590

## Events and Hearings

# EXHIBIT A-1

| | |
|---|---|
| **10/12/2023 Original Petition - OCA** ▼ | |
| Original Petition.pdf | |
| Comment | |
| Original Petition. No request nor fee paid for service at this time. | |

| | |
|---|---|
| **10/12/2023 Status Conference Sheet** ▼ | |
| Status Conference Sheet | |
| Comment | |
| Emailed to Atty. | |

| | |
|---|---|
| **10/12/2023 Receipt Acknowledge** ▼ | |
| Receipt Acknowledge | |
| Comment | |
| Emailed Status Conference Sheet to Atty. | |

| | |
|---|---|
| **10/12/2023 Request for Civil Service** ▼ | |
| Request for Service.pdf | |
| Comment | |
| Request-Issue 1 Citation-email to atty-assigned to EA | |

| | |
|---|---|
| **10/13/2023 Citation Issuance - Work Product** ▼ | |
| Citation Issuance - Work Product | |
| Comment | |
| 1 citation issued and emailed to attorney | |

| | |
|---|---|
| **10/13/2023 Receipt Acknowledge** ▼ | |
| Receipt Acknowledge | |
| Comment | |
| of e-citation | |

| | |
|---|---|
| **10/17/2023 Return of Service on Citation/Subpoena** ▼ | |
| Affidavit - Return of Service - City.pdf | |
| Comment | |
| Affidavit - Return of Service | |

| | |
|---|---|
| **01/11/2024 Status Conference** ▼ | |
| Judicial Officer | |
| Cox, Lonnie | |

Hearing Time
9:30 AM

## Financial

Ramirez, Michael

| | Total Financial Assessment | | | $358.00 |
| | Total Payments and Credits | | | $358.00 |
| 10/12/2023 | Transaction Assessment | | | $350.00 |
| 10/12/2023 | Payment | Receipt # 2023-18589-DC | Ramirez, Michael | ($213.00) |
| 10/12/2023 | State Credit | | | ($137.00) |
| 10/12/2023 | Transaction Assessment | | | $8.00 |
| 10/12/2023 | Payment | Receipt # 2023-18627-DC | Ramirez, Michael | ($8.00) |

## Documents

Original Petition.pdf
Status Conference Sheet
Receipt Acknowledge
Request for Service.pdf
Citation Issuance - Work Product
Receipt Acknowledge
Affidavit - Return of Service - City.pdf

EXHIBIT A-1

**EXHIBIT A-2**

Filed: 10/12/2023 11:53 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 80524025
By: Shailja Dixit
10/12/2023 12:03 PM

23-CV-1949

Galveston County - 56th District Court

Cause No. _____

| | | |
|---|---|---|
| Michael Ramirez | )( | IN THE DISTRICT COURT |
| Vs. | )( | _____th JUDICIAL DISTRICT |
| Texas City | )( | GALVESTON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Michael Ramirez, Plaintiff, and makes this his complaint against the City of Texas City, and would show as follows:

I.

1. This case should be governed by a discovery control plan, Level 3.

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

3. Venue is properly in Galveston County, because that is where the property that is the subject of this suit is located, the Defendant resides, and where all or part of the cause of action arose.

II.
**PARTIES**

4. Michael Ramirez, Plaintiff is an individual who resides in Brazoria County, Texas.

5. The City of Texas City is a municipal government, who may be served through its Mayor, Dedrick Johnson, Sr., at 1801 9th Ave. N, Texas City, TX 77590. Tex. Civ. Prac. & Rem. Code 17.024(b). Issuance of Citation is requested.

III.
**MATERIAL FACTS**

1

EXHIBIT A-2

6. This is a suit for deprivation of property without due process or compensation. Michael Ramirez is the owner of property located at 13 – 19th Avenue North, Texas City, Galveston County, Texas 77590. Mr. Ramirez purchased the property on or about July 7, 2021, intending to improve it, and then sell it as a residence.

7. On April 10, 2022, a fire broke out in the office area of the home, a portion of the home that had not been improved by Mr. Ramirez. Mr. Ramirez secured the home, covering all openings with plywood to prevent the entrance of other persons. The front and back doors were locked. Water and electrical service was discontinued. The property was not abandoned. Mr. Ramirez continued to mow and periodically inspect the home.

8. Portions of the home were untouched by the fire. Mr. Ramirez believed that the home could be repaired. He retained an architect, Michael Gartner to advise him on repairs.

9. On April 13, 2022, Texas City sent Mr. Ramirez a notice that the property was unfit for human habitation. Mr. Ramirez contacted his architect, Michael Gaertner, to prepare plans to repair the fire damage and complete the home. Mr. Gaertner contacted Texas City on or about May 31, 2022. The structure was not "unsecured from unauthorized entry to the extent that it could be entered or used by vagrants or other uninvited persons as a place of harborage or could be entered or used by children". Tex. Loc. Gov't Code Ann. § 214.001(a)(2). Nor were the methods used to secure the structure "inadequate to prevent unauthorized entry or use of the building". Tex. Loc. Gov't Code Ann. § 214.001 (a(3)(B).

10. On or about September 19, 2022, Mr. Ramirez submitted a request to demolish a portion of the interior that had been damaged by fire. This was preparatory to making repairs, essentially

2

cleaning the fire damage, and not intended to pierce the outside shell of the home or demolish the entire home.

11. No further notice was received by Mr. Ramirez. No public hearing was held concerning the property. No trial at the Municipal Court was held on the proposed condemnation of the property.

12. On May 10, 2023, Texas City issued a permit to demolish the home to unknown contractors hired by the city, without providing notice to Mr. Ramirez. The City's contractor, using motorized equipment, including a bulldozer, razed the structure.

13. Mr. Ramirez learned that the home had been demolished, including the foundation and driveway, on or about May 20, 2023.

14. Notice of claim was made to the City within the statutory period. Immunity from suit is waived pursuant to Texas Civil Practice and Remedies Code, section 101.0215(a) (2, 28, 30 and 36).

## IV.
## LACK OF DUE PROCESS UNDER TEXAS CONSTITUTION

15. The Texas Constitution's due-course-of-law guarantee provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." *See* Tex. Const. art. I, § 19. While the Texas Constitution is textually different from the federal guarantee of due process, in that it refers to "due course" rather than "due process," courts regard these terms as largely without meaningful distinction. *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) (citing *Mellinger v. City of Houston*, 3 S.W. 249, 252–53 (Tex. 1887)). As a result, in matters of procedural due process, the courts have traditionally followed contemporary federal due process

3

interpretations of procedural due process issues. *Id.* "Although not bound by federal due process jurisprudence ... [Texas] consider[s] federal interpretations of procedural due process to be persuasive authority in applying our due course of law guarantee." *Id.*

16. At a minimum, like federal due process, due course of law under the Texas Constitution requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* at 930 (citing *Mathews*, 424 U.S. at 333). This flexible standard includes three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.* (citing *Mathews*, 424 U.S. at 335). *Rhone v. City of Texas City, Texas,* Not reported in F. Supp., 2022 WL 3453351, at *3–4 (S.D. Tex. - Galveston 2022), *appeal denied*, No. 22-40551, 2022 WL 4310058 (5th Cir. 2022).

17. Mr. Martinez was not given an opportunity to be heard on the condemnation of his home.

V.
**LACK OF DUE PROCESS UNDER FEDERAL LAW**

18. Federal law prohibits deprivation of rights by persons acting under color of law. 42 USCA Se. 1983. As discussed in more detail in Section IV., *supra*, Plaintiff alleges that he was deprived of his substantive and procedural due process rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, made actionable under Sec. 1983. Defendant Texas City is liable for these constitutional violations because it condoned, sanctioned, authorized, permitted and/or participated in the unconstitutional actions detailed above. The actions were taken under color of law, as a proprietary function of the city. The aforementioned deprivations were done under color of state law, ordinance, regulation, and custom or usage.

4

## VI.
## TAKING WITHOUT COMPENSATION

19. The preservation of these property rights is "one of the most important purposes of government." *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 140 (Tex.1977). But government has other obligations as well, including ensuring the safety and security of its citizenry. *See Kelley v. Johnson,* 425 U.S. 238, 247, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976) (referring to "safety of persons and property"). To satisfy its responsibilities, government often imposes restrictions on the use of private property. *See Penn Cent. Transp. Co. v. City of New York,* 438 U.S. 104, 125, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978) (recognizing that regulations are used to promote "health, safety, morals, [and] general welfare"). Although these restrictions sometimes result in inconvenience to owners, government is not generally required to compensate an owner for associated loss. "Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change...." *Id.* at 124, 98 S.Ct. 2646 (quoting *Penn. Coal Co. v. Mahon,* 260 U.S. 393, 413, 43 S.Ct. 158, 67 L.Ed. 322 (1922)).

20. Nevertheless, when regulation of private property "reaches a certain magnitude ... there must be an exercise of eminent domain and compensation to sustain the act." *Mahon,* 260 U.S. at 413, 43 S.Ct. 158; *see also* U.S. Const. amend. V (requiring "just compensation"); Tex. Const. art. I, § 17 (requiring "adequate compensation"); *Hearts Bluff,* 381 S.W.3d at 477 (explaining that Texas takings jurisprudence is "consistent with federal jurisprudence"). Where a property owner believes compensation is due, he may seek redress via an inverse-condemnation claim. *State v. Hale,* 136 Tex. 29, 146 S.W.2d 731, 735 (1941). To plead inverse condemnation, a plaintiff must allege an intentional government act that resulted in the uncompensated taking of private property. *See City of Abilene v. Burk Royalty Co.,* 470 S.W.2d 643, 647 (Tex. 1971) (listing elements of

inverse condemnation); *Hale,* 146 S.W.2d at 736 (requiring intent). A taking is the acquisition, damage, or destruction of property via physical or regulatory means. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 933 (Tex.1998); *Hale,* 146 S.W.2d at 736; *City of Houston v. Carlson,* 451 S.W.3d 828, 831 (Tex. 2014).

21. The City of Texas City intentionally demolished and disposed of the remains of Mr. Martinez' home, together with its contents, without appropriate notice, and without compensation to him. In doing so the City of Texas City used motorized equipment including a bulldozer. The City Attorney, Kyle Dickson, acknowledges that this was an intentional act of the city.

## VII.
## DAMAGES

22. As a consequence of the failure to provide due process, and taking of the home, Mr. Ramirez has suffered losses including:

1) The value of the property;
2) The amount of the reasonably expected profits on resale;
3) The value of the contents;
4) Attorney's fees and costs of court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear herein, and that upon trial on the merits, that Plaintiff be awarded his damages, attorneys fees, and such other and further relief, in law or in equity, to which he may show himself entitled.

Respectfully submitted,

\_\_/s/ Savannah Robinson_____
Savannah Robinson

**EXHIBIT A-2**

                    ATTORNEY IN CHARGE
For Plaintiff
SBN: 17108150
Fed. ID: 5922
1822 Main
Danbury, TX 77534
(979) 922-8825
FAX: 979-922-8857
savannahrobinson@aol.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true, complete and correct copy of the attached and foregoing was this day served, pursuant to the Texas Rules of Civil Procedure, on the following persons, on this the _12____ day of __October_____, 2023.
Kyle Dickson, City Attorney
1801 9th Ave. N
Texas City, TX 77590
FAX: 409-942-1073

                    __/s/ *Savannah Robinson*_____
                    Savannah Robinson

7

**EXHIBIT A-2**

VERIFICATION

THE STATE OF TEXAS              §
                                §
THE COUNTY OF BRAZORIA          §

   BEFORE ME, The Undersigned Authority, on this day personally appeared MICHAEL RAMIREZ a person known to me, who after being by me duly sworn deposed and said:

   "My name is MICHAEL RAMIREZ. I am the Plaintiff in this case. I am over the age of twenty-one and otherwise competent to make this verification.

I have reviewed the facts stated ion the attached petition and they are true to the best of my knowledge and belief."

                                            _____
                                            MICHAEL RAMIREZ

   SWORN TO AND SUBSCRIBED before me the undersigned authority on this _11_ day of _Oct_____, 2023.

      (seal)

                                            _____
                                            NOTARY PUBLIC
                                            IN AND FOR THE STATE OF TEXAS



JEFF HEUMANN
Notary ID #124197690
My Commission Expires
August 14, 2026

**EXHIBIT A-2**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Savannah Robinson on behalf of Savannah Robinson
Bar No. 17108150
savannah@savannah-robinson.com
Envelope ID: 80524025
Filing Code Description: Original Petition - OCA (1-10 plantiffs)
Filing Description: Original Petition. No request nor fee paid for service at this time.
Status as of 10/12/2023 12:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Savannah LRobinson | | savannahrobinson@aol.com | 10/12/2023 11:53:34 AM | SENT |
| Kyle L. Dickson | 5841310 | kdickson@murray-lobb.com | 10/12/2023 11:53:34 AM | SENT |

# EXHIBIT A-3

## The District Courts of Galveston County, Texas Status Conference Notice

## Please calendar this event

**All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)**

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409-766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

### Date: 01/11/2024  set in the 56th District Court

| Case Number: | 23-CV-1949 |
|---|---|
| Case Style:  Michael Ramirez vs. City of Texas City | |

**Helpful Information:** *Please visit our website at*
http://www.galvestoncountytx.gov/dc/Pages/default.aspx

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*Helpful Links to Legal Resources and sites*

**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.**

*JOHN D. KINARD, District Clerk, Galveston County, Texas*
*District Clerk Personnel proudly serving our customers, community, and supporting the Judiciary*